09-2265-ag
Chen v. Holder

BIA
Bukszpan, IJ
A099 670 399

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of April, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

JINFHENG CHEN,
> *Petitioner,*

> v.                                        09-2265-ag

> NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Richard Tarzia, Belle Mead, New Jersey.

FOR RESPONDENT:          Tony West, Assistant Attorney General, Stephen J. Flynn, Assistant Director, Imran R. Zaidi, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jinfheng Chen, a native and citizen of the People's Republic of China, seeks review of a May 4, 2009, order of the BIA affirming the October 10, 2007, decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, denying his application for asylum and withholding of removal. *In re Jinfheng Chen*, No. A099 670 399 (B.I.A. May 4, 2009), *aff'g* No. A099 670 399 (Immig. Ct. N.Y. City Oct. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the BIA's and IJ's opinions. *See Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Chen does not challenge the agency's finding that his claim based on his wife's sterilization was foreclosed by this Court's holding in *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). With regard to his

2

economic persecution claim, the agency did not err in finding that Chen failed to establish his eligibility for relief. We have held that to present a cognizable claim of economic persecution, "an asylum applicant must offer some proof that he suffered a deliberate imposition of substantial economic disadvantage." *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 69-70 (2d Cir. 2002) (quotation marks omitted). As the IJ found, Chen failed to show that the imposition of a 12,000 RMB fine rose to the level of persecution. In other words, Chen did not show that "[t]he economic difficulties [he faced are] above and beyond those generally shared by others in the country of origin and involve noticeably more than mere loss of social advantages or physical comforts." *See Matter of T-Z-*, 24 I. & N. Dec. 163, 170-73 (BIA 2007). We decline to consider Chen's unexhausted assertion that the IJ erred in her factual findings regarding the fine. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124 (2d Cir. 2007). Even if we had addressed these arguments, they would not change the outcome here. Whatever errors there may have been in its findings, the agency's determination that Chen failed to show past persecution or a well-founded fear of future

3

persecution is supported by the record. *See Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

Because Chen was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk